UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD MICHAEL KETCHENS,

       Petitioner,                        Case No. 24-cv-11388

                                          Hon. Matthew F. Leitman

v.

RANDEE REWERTS,

       Respondent.

_____/

## ORDER (1) DENYING RESPONDENT'S MOTION TO DISMISS (ECF No. 8) AND (2) DIRECTING RESPONDENT TO FILE ANSWER ADDRESSING MERITS OF HABEAS PETITION

Petitioner Leonard Michael Ketchens is a state prisoner in the custody of the Michigan Department of Corrections.  On May 24, 2024, Ketchens filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.)

Respondent has now filed a motion to dismiss the petition. (*See* Mot., ECF No. 8.)  In that motion, Respondent argues that Ketchens' claim for habeas relief is barred by the applicable statute of limitations. (*See id.*)

The Court has carefully reviewed the motion, Ketchens' response (*see* Resp., ECF No. 11), and the relevant Rule 5 materials (*see* ECF No. 9).  For the reasons

1

explained below, the motion is **DENIED**.   Respondent shall file an answer addressing the merits of the petition by no later than **June 16, 2025**.

**I**

In April 2019, a jury in the Jackson County Circuit Court found Ketchens guilty of first-degree criminal sexual conduct. (*See* 04/04/2019 Tr., ECF No. 9-6.) On June 26, 2019, the state trial court sentenced Ketchens to 6 to 20 years in prison. (*See* 06/29/2019 Tr., ECF No. 9-11.)

Ketchens did not file a claim of appeal with the Michigan Court of Appeals following his conviction and sentence.  He says that his trial counsel promised to file such an appeal, but counsel never did so.  Instead, on May 1, 2019, Kitchens' trial counsel filed a motion for new trial in the state trial court. (*See* St. Ct. Mot., ECF No. 9.)  That motion remained pending on the state trial court's docket for more than a year.

While Ketchens was awaiting a decision from the state trial court on his motion for a new trial, he filed a *pro per* application for leave to appeal his conviction in the Michigan Court of Appeals.  That court dismissed the application because Kitchens did not file it within the six-month time period required by Michigan Court Rule 7.205(G)(3). (*See* St. Ct. Order, ECF No. 9-27, PageID. 830.)  Kitchens did not file an application for leave to appeal that decision in the Michigan Supreme Court.

2

(*See* Aff. of Larry Royster, Michigan Supreme Court Clerk, at ¶ 2, ECF No. 9-31, PageID.1216.)

On May 18, 2020, with his motion for a new trial still unresolved, Ketchens filed a *pro per* motion in the state trial court asking that court to re-issue the original judgment so that he could re-file a timely appeal of his conviction in the Michigan Court of Appeals. (*See* St. Ct. Mot., ECF No. 9-12.)  The prosecutor opposed that relief.  In his response to the motion, the prosecutor noted that Ketchens' motion for a new trial was still pending and that, under Michigan Court Rule 7.204(A)(2)(d), Ketchens had 42 days after the trial court ruled on that motion within which to file a claim of appeal in the Michigan Court of Appeals. (*See* St. Ct. Resp., ECF No. 9-13, PageID. 777-778.)

On September 21, 2020, the state trial court denied Ketchens' motion for a new trial because it found "no persuasive legal reason cited by [Ketchens] that would justify a new trial." (St. Ct. Order, ECF No. 9-15, PageID.783.)  At the conclusion that order, the trial court said that it would "immediately [be] filing an order for appointment of appellate counsel" for Ketchens. (*Id.*)  However, there is no indication in the record currently before this Court that appellate counsel was ever appointed to represent Ketchens.  An order for the appointment of appellate counsel is attached to the order denying Ketchens' motion for a new trial, but that appointment order was not signed by the state trial judge nor is there any certificate

3

that the order was mailed to Ketchens or anyone else. (*See id*., PageID.785). Ketchens insists in his response to Respondent's motion that the first time that he learned about the state trial judge's appointment of appellate counsel was in Respondent's motion to dismiss. (*See* Resp., ECF No. 11, PageID.1220.) Ketchens further argues that had he known that the state trial judge had appointed him appellate counsel, he would have taken advantage of that appointment and filed an appeal of right in the Michigan Court of Appeals. (*See id.*) Ketchens also says that he assumed that any of the correspondence from the trial court would have been sent to him by his trial attorney, who was still attorney of record at that point. But Ketchens says that he never even saw the motion for a new trial that his trial counsel filed nor the state trial judge's rationale for denying the motion. (*See id.*, PageID.1220-1222.)

On May 31, 2022, Ketchens, through new counsel, filed a post-conviction motion for relief from judgment in the state trial court. That court denied the motion on December 13, 2022. (*See* St. Ct. Order, ECF No. 9-21.) Ketchens then filed a delayed application for leave to appeal in the Michigan Court of Appeals on October 11, 2023. The Michigan Court of Appeals denied the application on October 17, 2023. (*See* Mich. Ct. of Appeals Order, ECF No. 9-28, PageID. 970.) It held that Ketchens had failed to file the application within the six-month time period required by Michigan Court Rule 7.205(A)(2). (*See id.*) Ketchens did not file an application

for leave to appeal that ruling in the Michigan Supreme Court. (*See* Royster Aff. at ¶ 2, ECF No. 9-31.)

Before the Michigan Court of Appeals issued its order denying his application for leave to appeal, Ketchens filed a second motion for relief from judgment in the state trial court. That court denied the motion on November 6, 2023, on the basis that Ketchens failed to meet the requirements under Michigan Court Rule 6.502(G)(2) to file a second motion for relief from judgment. (*See* St. Ct. Order, ECF No. 9-25.)  The Michigan appellate courts thereafter denied Ketchens leave to appeal under Michigan Court Rule 6.502(G). *See People v. Ketchens*, No. 368746 (Mich. Ct. App. Feb. 1, 2024); *lv. den.* 5 N.W.3d 17 (Mich. 2024).

On May 20, 2024, Ketchens filed his habeas petition with this Court.[1] (*See* Pet., ECF No. 1.)

## II

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1) ("AEDPA"), imposes a one-year deadline for state prisoners to file a federal habeas corpus petition. *See Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Sexton v. Wainwright*, 968 F.3d 607, 609-610 (6th Cir.

---

[1]  Under the prison mailbox rule, this Court will assume that Ketchens actually filed his habeas petition on May 20, 2024, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

2020) (explaining that "§ 2244(d)(1) imposes a one-year period of limitation for a state prisoner to file an application in federal court for a writ of habeas corpus"). The one-year limitation period ordinarily runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Although not jurisdictional, AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009).

### III

Respondent argues that Ketchens' petition is untimely under Section 2244(d)(1)(A) because it was filed more than one year after Ketchens' conviction

became final. (*See* Mot., ECF No. 8, PageID.75-78.) However, even if Respondent is correct that Ketchens' petition is untimely under that provision,[2] the Court would still deny Respondent's motion to dismiss because Ketchens is entitled to equitable tolling of AEDPA's limitations period.

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The "flexibility" inherent in "equitable procedure" enables courts "to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct ... particular injustices." *Id.* at 650. And although a court should exercise its judgment in light of prior precedent, it should nonetheless do so "with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.*

---

[2] The Court need not, and does not, reach any conclusion about whether Respondent is correct that Ketchens' petition is untimely under section 2244(d)(1)(A).

7

This is one such "appropriate case" where "special treatment" is warranted. First, Ketchens "has been pursuing his rights diligently." As explained above, even while he was still represented by his trial counsel, when that counsel failed to adequately communicate with Ketchens, Ketchens attempted to file several *pro se* motions with the state trial court and applications for leave to appeal with the Michigan Court of Appeals in an effort to exercise his post-conviction rights. He also diligently filed this action seeking habeas relief after filing additional unsuccessful motions and appeals in state court. Under these unique circumstances, the Court concludes that Ketchens has diligently pursued his rights.

Second, extraordinary circumstances stood in the way of Ketchens pursuing his post-conviction remedies in a timelier fashion. As Respondent acknowledges, "Ketchens's direct appeal and post-conviction filings were not entirely typical." (Mot., ECF No. 8, PageID.75.) Indeed, the Michigan Attorney Grievance Commission accused Ketchens' trial counsel of "fail[ing] to adequately communicate with [Ketchens] as to the status of the [motion for new trial]," failing to "promptly inquire with the [state trial court] regarding the status of the motion," and never "fil[ing] an appeal on [Ketchens'] behalf." (ECF No. 9-30, PageID.1196.) And as the Supreme Court explained in *Holland, supra*, ineffective assistance of counsel may constitute extraordinary circumstances warranting equitable tolling where counsel's conduct amounted to more than just "garden variety" or "excusable

8

neglect." *Holland*, 560 U.S. at 653.  *See also id.* at 651 (explaining that "professional misconduct ... could amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling.")  Moreover, as explained above, while the state trial court said that it would be appointing appellate counsel for Ketchens, the appointment order in this Court's record is unsigned and there is no evidence in the current record that it was ever actually entered and/or provided to Ketchens.  And Ketchens insists that had he known appellate counsel was appointed for him, and had such counsel contacted him, he would have "taken full advantage of the opportunity" to appeal his conviction and timely seek post-conviction relief. (Resp., ECF No. 11, PageID.1220.)  Under these circumstances, where Ketchens' trial counsel failed to communicate with him regarding the status of his post-conviction motions and appeal, and there is no evidence that the state trial court followed through on its promise to appoint appellate counsel for Ketchens (or that that counsel ever contacted Ketchens), the Court concludes that it is appropriate to toll AEDPA's limitations period and to consider his petition timely filed. *See Miller v. Collins*, 305 F.3d 491, 495-96 (6th Cir. 2002) (equitably tolling AEDPA's statute of limitations during period where petitioner had not received notice of state court denial of his application to re-open his appeal and where petitioner had been diligently pursuing his rights).

**III**

For all of the reasons explained above, the Court **DENIES** Respondent's motion to dismiss (ECF No. 8).  Respondent shall file an answer that responds to the merits of Ketchens' habeas claims by no later than **June 19, 2025**.  Respondent shall also provide this Court with any Rule 5 materials that have not already been filed with the Court by that date.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 8, 2025


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 8, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126